UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUIS JOHN STEUERLE                                   CIVIL ACTION

VERSUS                                                NUMBER 07-498-RET-DLD

TRAVIS COOK, ET AL

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's Unopposed Motion to Remand (rec. doc. 11) on the basis that the requisites of the amount in controversy requirement for establishing diversity jurisdiction pursuant to 28 U.S.C. §1332 have not been met. In his motion to remand, the plaintiff argues that neither the allegations of the petition nor the removal papers establish that more than $75,000 was in controversy at the time of removal. The defendant does not oppose the motion to remand.

The removing defendant bears the burden of establishing the existence of federal jurisdiction over the state court suit. See, e.g., *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998). It is axiomatic that the lower federal courts are courts of limited jurisdiction and may exercise only the jurisdiction that has been conferred by Congress . E.g., *Trizec Properties, Inc. v. U.S. Mineral Products Co.*, 974 F.2d 602, 604 (5th Cir. 1992). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the removing defendant. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

When a case is removed on the basis of diversity jurisdiction, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal.

*Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).  The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy.  *Id.*

The court has reviewed the plaintiff's petition and the defendant's notice of removal, and agrees with the parties that neither the petition nor the removal papers established that there was a sufficient amount in controversy to satisfy 28 U.S.C. §1332's jurisdictional threshold.  Therefore,

**IT IS THE RECOMMENDATION** of the court that this matter be **REMANDED** to the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, for lack of jurisdiction over the subject matter.

Signed in Baton Rouge, Louisiana, on October 26, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LOUIS JOHN STEUERLE**                              **CIVIL ACTION**

**VERSUS**                                                       **NUMBER 07-498-RET-DLD**

**TRAVIS COOK, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 26, 2007.

**MAGISTRATE JUDGE DOCIA L. DALBY**